UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

STANLEY JOHNSON

   Plaintiff,

vs.

KAPLAN CAREER INSTITUTE,

   Defendant.

CASE NO. 1:12-CV-2774

OPINION & ORDER
[Resolving Doc. Nos. 1, 2 & 3]

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

  Before the court is *pro se* plaintiff Stanley Johnson's Complaint filed against defendant Kaplan Career Institute ("Kaplan"). (Doc. No. 1 ) Johnson alleges Kaplan engaged in fraud, deceit and breach of contract. He asserts this Court's jurisdiction based on his perceived "right to pursue the case in a district court." *Id*. at 1.

  On May 16, 2013, Kaplan filed a Motion to Confirm Arbitration Award pursuant to 9 U.S.C. §9. (Doc. No. 3.) No opposition to the Motion has been filed. For the reasons set forth below, the Court **DISMISSES** Kaplan's Motion and the Complaint.

**I. Background**

  Johnson entered into an Enrollment Agreement with Kaplan on May 4, 2009 to participate

Case No. 1:12-CV-2774
Gwin, J.

in the Institute's Computer Numerical Control Technology (CNC) training program. Kaplan allegedly shortened the term of the program from 10 months to 9 months, without notice. Portions of the program's content were also allegedly "downgraded" and eliminated. Johnson claims Kaplan deliberately made these decisions to "hide and retain" over $500,000.00 in tuition revenue "during the four (4) months transition period; that it took for the accreditation agency to consider the Defendant's proposals, for the CNC program changes." *Id*. Kaplan's efforts to compensate for the reduced curriculum were allegedly "futile." As a result, Johnson alleges he lost additional class room hours.

On May 15, 2009, Kaplan asked Johnson to sign a second Enrollment Agreement. When he asked whether the request was motivated by low enrollment a staff member allegedly replied: "Yes-Maybe."

Under the terms of the second Enrollment Agreement, classes for the CNC program began on June 18, 2009. Once Johnson enrolled, however, Kaplan made several changes without providing advance notice. He claims Kaplan misled the State Board of Career Colleges and School ("the Board") and ACCSCT by claiming it was only making minor changes to the program. Johnson insists, however, that Kaplan was consciously downgrading the program. This would include improperly advising him on the range of his options as a result of these changes

Finally, Johnson alleges Kaplan assured the Board that its CNC program was being improved, while simultaneously downgrading its program from "Comprehensive" to "Introductory." Kaplan further failed to provide advance notice of its decisions and Johnson claims he was entitled to notice before any changes to the program were implemented.

Case No. 1:12-CV-2774
Gwin, J.

Johnson asserts that Kaplan violated the Enrollment Agreement and engaged in acts of fraud and deceit. He seeks compensation in the form of a "refund" for lost class hours, reimbursement of his student loan and lost wages since the date he enrolled in the CNC program.

## II. Legal Standards

A.  *28 U.S.C. §1915(e)*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court must dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. §1915(e).

## III. Analysis

A.  *Subject Matter Jurisdiction*

Before reaching the merits of a case, federal courts are obliged to ensure they enjoy subject matter jurisdiction. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-431 (2007)("[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits.") (internal quotation marks omitted). A court must raise the issue *sua sponte* if it discovers it lacks subject matter jurisdiction. *See Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir.1999); *see e.g.* FED. R. CIV. P. 12(h)(3) (providing that district court "shall dismiss the action" whenever "it appears by suggestion of the parties or

Case No. 1:12-CV-2774
Gwin, J.

otherwise that the court lacks jurisdiction of the subject matter").

B.   *Federal Arbitration Act*, 9 U.S.C. §4, *et seq*.

Kaplan states Johnson filed an arbitration demand with the American Arbitration Association on October 18, 2011. (Doc. No. 3, at 2.) The Arbitrator issued a Final Award in favor of Kaplan on May 16, 2012.

Johnson subsequently filed this action based on his "unsuccessful arbitration." He asserts that "[a]s outline[d] in the arbitration procedures, Plaintiff has the right to pursue this case in a district court." (Doc. No. 1, at 1.) The "procedures" to which he is referring are contained in the Enrollment Agreement he entered that is the basis for this Complaint. Kaplan furnished a copy of the Agreement with its Motion, which includes the relevant arbitration procedures to which Johnson is referring. The Agreement states, in part: "Any dispute arising from enrollment at Kaplan Career Institution other than grades . . . shall be resolved by binding arbitration under the Federal Arbitration Act . . .. The award rendered by the arbitrator may be entered *in any court having jurisdiction*." (Doc. No. -2, at 2)(emphasis added).

The Court presumes Johnson believes federal jurisdiction is established simply because the arbitration proceedings allow him to file an action in any court having jurisdiction. Neither the provision, nor the FAA, however, state an independent basis for federal jurisdiction.

The FAA provides expedited judicial review to confirm, vacate, or modify an arbitration award. *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006). Under section 9, a court "must" confirm an arbitration award "unless" it is vacated, modified, or corrected "as

Case No. 1:12-CV-2774
Gwin, J.

prescribed" in §§ 10 and 11. The Act does not, however, "bestow[] . . . federal jurisdiction but rather requir[es] an independent jurisdictional basis." *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 25, n. 32,(1983); *see, e.g.*, 9 U.S.C. § 4 (providing for action by a federal district court "which, save for such [arbitration] agreement, would have jurisdiction under title 28"). No where in Johnson's complaint does he state any independent basis for this Court's jurisdiction over his claims.

Without question, the essence of Johnson's claims involves contract breach, fraud and deceit. Like the plaintifff, Kaplan Career Center is located in Ohio. None of Johnson's claims invokes a *per se* basis upon which he can argue federal question or diversity jurisdiction. Therefore, having failed to establish federal jurisdiction over this dispute, Johnson's Complaint cannot survive in this Court and must be dismissed. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94(1998)("Without jurisdiction, court cannot proceed at all in any cause; jurisdiction is power to declare law, and when it ceases to exist, the only function remaining to court is that of announcing the fact and dismissing cause.") Moreover, because the Court lacks subject matter jurisdiction, it cannot address Kaplan's Motion to Confirm Arbitration Award, which is dismissed without prejudice.

### IV. Conclusion and Order

Based on the foregoing, Johnson's Motion to Proceed *In Forma Pauperis* (Doc. No. (Doc. No. 2) is GRANTED and both the Motion to Confirm Arbitration Award (Doc. No. 3) and the Complaint (Doc. No. 1) are DISMISSED pursuant to 28 U.S.C. § 1915(e), but without prejudice to any state law claims the parties may seek to pursue. The Court certifies, pursuant to

Case No. 1:12-CV-2774
Gwin, J.

28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

       IT IS SO ORDERED.


Dated: June 27, 2013                      *s/             James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE